# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS SUPRANOVICH, | Case No. 2:21-cv-01269-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following review of the petition, its attachments, and the state court records in Petitioner Thomas Supranovich's criminal case and appeals,[1] the Court will order petitioner to show cause why it should not be dismissed as untimely.[2]

**Background**

Supranovich challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). Pursuant to a jury verdict, Supranovich was found guilty of second-degree murder, victim 60 years of age or older. On September 22, 2016, the state court entered an amended judgment of conviction and sentenced him to 10 to 25 years and a victim 60 years or older consecutive enhancement of 8 to 20 years. Supranovich appealed and on July 26, 2018, the Nevada Court of Appeals affirmed the judgment of conviction.

On August 5, 2019, Supranovich filed a state postconviction habeas petition. The state district court denied the petition and Supranovich appealed. On November 9, 2020, the Nevada Supreme Court affirmed the conviction. On December 4, 2020, remittitur issued. On July 6, 2021,

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

[2] Petitioner has filed a motion for appointment of counsel, which the Court defers consideration of until after petitioner has responded to this order to show cause.

1  Supranovich dispatched the instant federal habeas petition for filing. ECF No. 1.

## Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. Nino v. Galaza, 183 F.3d 1003, 1006–07 (9th Cir. 1999); Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. Nino, 183 F.3d at 1007.

Petitioner's conviction became final after the Nevada Supreme Court decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States

Supreme Court on October 24, 2018. The federal statute of limitations began running the following day. Petitioner timely filed his state petition on August 5, 2019, tolling the AEDPA clock. As a result, 284 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 81 days of AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state petition. Tolling ended on December 5, 2020, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 81 days later on February 24, 2021. The federal petition was mailed on July 6, 2021. Absent another basis for tolling or delayed accrual, Petitioner filed his petition more than 4 months after the AEDPA limitations period expired. Petitioner must therefore show cause why the petition should not be dismissed with prejudice as time-barred.

In this regard, Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Accord Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending

to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383 (2013); House v. Bell, 547 U.S. 518 (2006); Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc).  In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 624, 623 (1998).

**IT IS THEREFORE ORDERED:**

1. Supranovich must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed as untimely.  If Supranovich does not timely respond to this order, the petition may be dismissed with prejudice without further notice.  If Supranovich responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action may be dismissed with prejudice.

2. Any assertions of fact Supranovich makes in response to this order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made in a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence Supranovich filed in the federal record.  Supranovich must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

DATED this 14th day of April 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE